IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| SHANE L. SMITHER,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | CV 20-121-BLG-SPW<br><br>ORDER |

Before the Court is Defendant's Motion to Amend Judgment. (Doc. 18). Defendant requests that the Court set aside its prior order (Doc. 16) reversing the Commissioner's decision and remanding the matter. The basis for amendment, according to the Defendant, is that the Court committed clear error. Plaintiff opposes this motion. (Doc. 19). For the following reasons, the Court denies Plaintiff's motion. The Court disagrees that it committed clear error in its prior decision.

**I.     Background**

Plaintiff applied for social security disability benefits in March 2017. Following initial denials and a subsequent hearing before an ALJ, the ALJ issued a finding that Plaintiff was not disabled. Plaintiff appealed to this Court. The Court

1

affirmed the ALJ's findings on two of Plaintiff's three claims of error. The sole reversible error the Court found was the ALJ's failure to consider the effects of Smither's mental health treatment scheduling needs when determining that Smither could perform work, given the vocational expert's hypothetical. (Doc. 16 at 14-15). The Court stated:

> Smither's need for time off work to attend the therapy appointments necessary for him to work will fluctuate from month to month, but the Court is persuaded by Smither's argument. His impairments have required extensive medical care, including therapy, and will continue to do so in the future in order for him to be able to function in the workplace. Therefore, the Court finds the ALJ's failure to consider the side effects of Smither's treatment, including the documented need to miss workdays for medical visits, constitutes reversible error.

(Doc. 16 at 15). The Court remanded the issue back to the ALJ, ordering that the ALJ shall incorporate the demands of Smither's treatment into the vocational expert's hypothetical. Defendant now requests that the Court amend that finding.

## II. Legal Standard

Federal Rule of Civil Procedure 59(e) allows the Court to amend a prior order to, among other things, correct a clear legal error. *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).

## III. Analysis

Defendant asserts that the order contains clear error because it assumes facts not in evidence and imposed improper requirements upon the ALJ. (Doc. 18-1 at 4-10). In Defendant's view, the Court incorrectly determined that the ALJ's

2

failure to consider the side effects of Smither's treatment constituted clear error because "there is no evidence that Smither would need to schedule his medical appointments during work hours" and "there is no evidence that the number and frequency of appointments Smither attended is the minimum necessary for Smither to function." (Doc. 18-1 at 5).

First, Defendant's position that it was Smither's burden to demonstrate that medical appointments would interfere with the hypothetical jobs proposed by the VE misunderstands the Court's holding. The Court determined that at Step Five—where the ALJ had the burden to show that jobs that Plaintiff could perform exist in the national economy—the ALJ failed to construct a proper hypothetical and failed to explain how the course of treatment is reconcilable with the VE's discussion regarding tolerated absences. Paradoxically, Defendant now claims that there is no evidence that Smither's treatment was both necessary and would interfere with work despite the ALJ's findings when constructing Smither's RFC that he (1) needed medical intervention and therapy to properly attenuate his mental disorders, and (2) Smither's previous failure to attend treatment made it difficult to ascertain the amount and frequency of treatment necessary to rehabilitate Smither. (A.R. 23). This establishes that the ALJ believed treatment was necessary. The ALJ did not include the amount of time required for this

treatment or the possibility of work absences in the hypothetical posed to the VE or the decision. This constitutes reversible error on the ALJ's part.

Second, there is no categorical rule imposing additional requirements upon the ALJ, as Defendant now claims. Defendant asserts that the Court imposed a categorical requirement that the ALJ must discuss the number of appointments Smither required. (Doc. 18-1 at 11). But this is once again a misreading of the Court's order. Defendant is correct that the ALJ need not discuss the precise number of medical visits, but the ALJ must consider the frequency and duration of treatment—particularly so when, like here, the ALJ determines that medical intervention is necessary for a claimant to achieve an RFC that allows them to work.

## IV. Conclusion

Defendant has not demonstrated clear error in the Court's prior order. The Motion to Amend (Doc. 18) is DENIED.

DATED this 25th day of October, 2022.

Susan P. Watters
SUSAN P. WATTERS
United States District Judge